UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANISSA K. BARNES, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:14-CV-152-JVB-PRC |
| | ) |
| HILTON GARDEN INN, *part of Mid-Con*, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DE 33], filed on March 31, 2015. Plaintiff, who is proceeding pro se in this case, has not filed a response, and the time to do so has passed.

### I. Background

On April 14, 2014, Plaintiff booked a room at the Hilton Garden Inn in Chesterton, Indiana, from April 18, 2014, through April 20, 2014. When she checked in on the evening of the eighteenth, the hotel clerk told her that the hotel needed a credit or debit card on file in case there were any incidental charges that arose from her stay. Plaintiff gave the clerk her debit card, who swiped it. At the time, Plaintiff had just enough money in her account to pay for the hotel and to make her car payment. Shortly after Plaintiff checked in, the hotel placed a thirty-dollar hold on Plaintiff's account. This hold was not the result of Plaintiff incurring any incidental expenses.

The hold put Plaintiff's account into the negative, and she was subject to a number of overdraft fees, eventually resulting in a negative balance of -$186.23. The hold also made it so that she was unable to pay other pending charges. Plaintiff then contacted Hilton Guest Correspondence, which told her that they were sorry that they could not refund the thirty dollars and apologized for the inconvenience.

On April 30, 2015, Plaintiff filed a Complaint against Hilton Garden Inn, part of Hilton Worldwide Corporation, in the United States District Court for the Southern District of Indiana along with a Motion for Leave to Proceed In Forma Pauperis. The Complaint sought $100,000 in damages, plus interest.

Shortly after the Complaint was filed, District Judge Magnus-Stinson ordered that the case be transferred to the United States District Court for the Northern District of Indiana. After that transfer occurred, District Judge Joseph VanBokkelen became the presiding judge. Judge VanBokkelen denied Plaintiff's Motion to Proceed In Forma Pauperis, and, after numerous extensions of time, Plaintiff paid the filing fee.

Thereafter, Defendant Hilton Garden Inn, part of Hilton Worldwide Corporation, entered an appearance and, on February 16, 2015, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a Motion to Amend Complaint on February 27, 2015. This Court denied that motion on March 3, 2015, because, at the time it was filed, Plaintiff did not need permission to amend her Complaint, but could have done so as of right under Federal Rule of Civil Procedure 15(a)(1), which provides in relevant part that parties may amend their pleadings once as a matter of course within twenty-one days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1).

On March 13, 2015, the day after the Rule 15(a)(1) period ended, Plaintiff filed an Amended Complaint. The Amended Complaint substituted Defendant Hilton Garden Inn, part of Mid-Con, for the Defendant, Hilton Garden Inn, part of Hilton World-Wide Corporation, but did not change the basic factual allegations. Judge VanBokkelen then found the Motion to Dismiss moot in light of the Amended Complaint. On March 23, 2015, this Court was advised that all the parties had

consented to magistrate judge jurisdiction. The undersigned Magistrate Judge therefore has jurisdiction to conduct all further proceedings and to order the entry of a final judgment in this case pursuant to 28 U.S.C. § 636(c).

On March 31, 2015, Defendant filed this Motion to Dismiss.

## II. Analysis

The motion asks that this case be dismissed under Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). Defendant also contends that the Amended Complaint should be stricken as untimely and that Plaintiff failed to properly serve Defendant with a copy of her Amended Complaint. Because it goes to this Court's authority to decide this case, the Court begins its analysis with the issue of subject matter jurisdiction.

As Defendant points out, neither Plaintiff's Original Complaint nor the Amended Complaint (which at points makes reference to the Original Complaint) say anything about the source of this Court's jurisdiction. The closest the Amended Complaint gets is a statement that "[t]he Court has established jurisdiction in the Northern District Court of Hammond, Indiana[,] and Plaintiff requests that the jurisdiction not move as it is already 4 hours away from Indianapolis, Indiana," where Plaintiff lives. DE 29. This statement confuses venue—the place where the case is being heard (here, the U.S. District Court for the Northern District of Indiana)—with subject matter jurisdiction—the Court's authority to decide a case. "[S]ubject matter jurisdiction addresses whether a dispute may be heard by a federal court at all. If so, venue then determines which federal court—usually meaning which federal district—should hear the case." Wright & Miller, 14D Fed. Prac. & Proc. Civ. § 3801 (4th ed.). District Judge Magnus-Stinson concluded that the Northern District of Indiana was "the

3

better venue" under 28 U.S.C. §§ 1391(b), 1404. She thus transferred this case, but did so "without determining whether the Court has subject matter jurisdiction." DE 4.

Federal courts do not have the authority to hear all cases; they are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Costal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). The presumption is "that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction," which, in this case, is Plaintiff. *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1932)).

Plaintiff has not filed a response to clarify what her claims are or why this Court has jurisdiction over them. Defendant interprets the Amended Complaint as invoking this Court's diversity jurisdiction, and the Court notes that, in her response to the earlier Motion to Dismiss, Plaintiff appears to agree, specifically pointing to this Court's diversity jurisdiction under 42 U.S.C. § 1332. And though she has not clarified what causes of action she is bringing, is seems likely that these might include common law fraud, conversion, breach of contract, or other similar state-law torts. As no other source of jurisdiction is apparent, the Court turns to evaluate whether Plaintiff has shown that this Court has diversity jurisdiction over this case.

One of the requirements for diversity jurisdiction is that the "amount in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Defendant contends that Plaintiff's claim for $100,000 in damages is without foundation.

When a "defendant challenges the plaintiff's allegation of the amount in controversy, the

4

plaintiff must support [her] assertion with competent proof." *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (internal quotation marks and citations omitted). To satisfy this burden, the plaintiff "must prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (internal citations omitted); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (explaining that, "when considering a motion that launches a factual attack against jurisdiction, [t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists" (internal quotation marks and citations omitted)).

Plaintiff has failed to meet this burden. Her Amended Complaint contends that she was wrongly charged thirty dollars by Defendant.[1] As a result, she alleges that she incurred a number of overdraft fees and that, on the date she filed her suit, the account had a negative balance of -$186.23. These amounts obviously fall short of the $100,000 of "Monetary Compensation" she is asking for. DE 29 at 3. And nothing else in the Amended Complaint or other materials before the Court suggests that claimed damage amount is appropriate. Moreover, as Defendant points out, Indiana law—which would presumably apply to the merits of this case—provides that punitive damages "may not be more than the greater of: (1) three . . . times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars." Ind. Code § 34-51-3-4. Under either prong, the damages available based on the facts before the Court fall short of the $75,000 threshold. The amount-in-controversy requirement has therefore not been met.

---

[1] She does not appear to have lost this money as the bank statements she included with her Original Complaint do not include a thirty-dollar charge by Defendant. This suggests that the "charge" was in fact a hold: a temporary freeze on a portion of the money in her account. *See Olen v. N. Tier Retail, LLC*, No. CIV. 11-2665 DWF/JJG, 2012 WL 1580994, at *1 (D. Minn. May 4, 2012) (discussing a similar situation).

The Court also notes that it is unclear whether the parties meet § 1332's diversity requirement either. Defendant, a limited liability company (LLC), has not disclosed the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Unincorporated enterprises [such as LLCs] are analogized to partnerships, which take the citizenship of every general and limited partner." (citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990))).

### III. Conclusion

For these reasons, the Court finds that it does not have subject matter jurisdiction to decide this case. The Court **GRANTS** Defendant's Motion to Dismiss [DE 33] and **ORDERS** that Plaintiff's Amended Complaint be **DISMISSED without prejudice**. This ruling does not reach the merits of Plaintiff's case; it simply holds that this case, as it stands, cannot be heard in federal court. All pretrial dates are **VACATED**.

SO ORDERED this 30th day of April, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   Plaintiff, pro se